## Philadelphia v. Foss et al.

*F. F. Truscott*, city solicitor, for complainant.

*E. R. Finegan, M. C. Goglia, V. F. Canuso, Gray, Anderson, Schaffer & Rome, Townsend, Elliott & Munson, M. H. Vernick, J. E. Kenny, W. G. Horowitz, S. D. Engelbach, S. M. Brodsky, T. D. McBride,* and *L. B. Schofield,* for respondents.

SMITH, P. J., October 14, 1948.—This matter comes before the court on preliminary objections filed by Dominick Antonini, one of defendants.

A bill in equity was filed against several defendants, of which Antonini was one, charging them with having misappropriated amusement taxes due the City of Philadelphia while in the employ of the City of Philadelphia. The bill avers that Antonini was an auditor in the office of the city controller whose duty it was to audit the accounts in the amusement tax bureau; that William C. Foss while acting as deputy receiver in charge of the administration of the tax

ordinance, on May 22, 1948, committed suicide, leaving a written and signed statement dated the same day, in which he stated that he had retained funds from the amusement taxes paid to him, and that he had divided one fifth thereof between Dominick Antonini, other named defendants and himself. The bill further avers that since the death of the said William C. Foss, Bertram Block, one of defendants herein named, had confessed that the said William C. Foss had given him a share of the amusement taxes wrongfully withheld, and that he saw the said William C. Foss hand money to other defendants. The bill further avers that the city has no adequate remedy at law and the bill prayed for an injunction to restrain Dominick Antonini and other defendants from disposing of the said funds and an order requiring defendants to file an accounting and make discovery of all monies misappropriated by them, and to pay unto the City of Philadelphia all such sums.

The preliminary objections aver that plaintiff did not set forth a good cause of action; that the bill is vague and indefinite; that a court of equity lacks jurisdiction because the relief sought is in the nature of a criminal prosecution; that plaintiff has an adequate remedy at law; that the bill is in the nature of a bill of discovery and as such may only be brought in aid of a pending suit or at its close in aid of an execution, and that if compelled to discover and produce his books, it may tend to incriminate him.

An argument presented on behalf of this defendant, at the bar of the court, was that defendant, while employed as an auditor in the office of the city controller, did not possess the qualifications of an auditor and was therefore not responsible for his misfeasance and malfeasance in office. This argument is without merit. Defendant was hired and paid as an auditor. He assumed this position of trust and he continued

working as an auditor for a considerable period of time. It was his duty either to perform the special services assigned to him or to resign from office. The defense that his employer failed to use due care in his selection for the task to be performed, is immaterial so far as this issue is concerned. We have no knowledge as to what care was used in his selection, but it does not lie within the lips of defendant to now disclaim his own qualifications.

We believe that the bill in equity sets forth a proper cause of action. The primary purpose of the bill is to secure a money judgment against Dominick Antonini and other defendants for the amounts alleged to have been misappropriated by them. If the averments of the bill are taken as true, all of defendants, including Antonini, are trustees of the funds wrongfully withheld by them. Plaintiff may have a cause of action either in law or in equity, but in order to reach defendant under the circumstances of this case, the court in equity may properly assume jurisdiction. If an agent or an employe of a municipality misappropriates or unlawfully receives funds belonging to the city, and which he is lawfully bound to return to it, but he unlawfully withholds possession of the said funds and converts them to his own use, he becomes a trustee ex maleficio. Equity will turn a fraudulent party into a trustee ex maleficio when it is necessary to do so in order to reach him: Appeal of During, 13 Pa. 224, 241.

It must be conceded that the city is not restricted in its cause of action against defendant to a procedure in the criminal courts. It may sue in law for a specific amount illegally taken, or it may file a bill in equity asking for the return of monies misappropriated and for an accounting of those funds. The right of discovery is only incidental to the right of the city to a recovery of the ill-gotten gains. An action at law under these circumstances would not provide an ade-

quate remedy. In the case of Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589, 601, it was said:

"And when from the nature and complications of a given case, its justice can best be reached, by means of the flexible machinery of a court of equity, in short where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice."

As Story states in section 33: "The remedy must be plain; for, if it be doubtful and obscure at law, equity will assert a jurisdiction."

In the case of Lansdowne Bank & Tr. Co.'s case, 323 Pa. 380, 387, Mr. Justice Barnes held:

"It is a fundamental rule of law that a person who receives money or property from another by some wrongful act becomes a trustee ex maleficio, and especially is this true where the funds are public moneys."

In Rice v. Braden, 243 Pa. 141, 148, it was held:

"There is no doubt of the general proposition that whenever a person has obtained the property of another by fraud, he is a trustee ex maleficio of the person so defrauded. The reason of it is this: Having perpetrated a fraud and by means thereof obtained the property of another, equity will not permit him to enjoy the fruits of his fraud, but will hold him to be a trustee for the rightful owner. He is not of course a trustee of the title, for that he never acquired, but of the thing which he has in manual possession. Such cases are not technically trusts but are trusts ex maleficio, or trusts resulting from the fraud practiced by the one who has possession of the property. Fraud arises sometimes out of the abuse of a confidence, and that abuse of confidence is the grounds of decreeing a trust ex maleficio."

In Philadelphia v. Heinel Motors, Inc., et al., 142 Pa. Superior Ct. 493, 502, 503, 504, the bill in equity was filed for the return of monies, to compel an ac-

counting, and to have declared as trustee ex maleficio a merchant who as agent for the city had collected funds under a city ordinance providing for a sales tax, and had withheld the same. Preliminary objections were filed to the bill, averring that plaintiff, the City of Philadelphia, had an adequate remedy at law. In an opinion by Stadtfeld, J., it was held that a constructive trust existed. The court further stated:

"A constructive trust has been defined to be 'a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground ·that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property . . . a constructive trust is imposed not to effectuate intention but to redress wrong or unjust enrichment. A constructive trust is remedial in character'. Restatement of the Law of Trusts, Vol. 1, p. 5, Chap. 1, section 1(e).

"In Restatement of the Law, Restitution, Sec. 160, comment (d), p. 643, we find the following statement: 'In most cases where a constructive trust is imposed the result is to restore to the plaintiff property of which he has been unjustly deprived and to take from the defendant property, the retention of which by him would result in a corresponding unjust enrichment of the defendant; . . .' . . .

"Chief Judge Cardozo shows the remedial character of a constructive trust in several cases decided by the Court of Appeals of New York. He said, 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee': Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 122 N. E. 378. And in another case, he said: 'A con-

structive trust is then the remedial device through which preference of self is made subordinate to loyalty to others': Meinhard v. Salmon, 249 N. Y. 458, 164 N. E. 545, 62 A. L. R. 1. . . .

"Every person who receives money to be paid to another, or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued either at law for money had and received, or in equity as a trustee, for a breach of trust: Taylor v. Benham, 5 How. 233, 274, 12 L. Ed. 130; Kane v. Bloodgood, 7 John Ch. (N. Y.) 110, 11 Am. Dec. 417."

For the reason advanced above, the preliminary objections cannot be sustained. An answer should be filed by defendant on the merits of the case. In this answer he may either admit or deny the primary averment of the bill. It is within his constitutional right to aver in this answer, under oath, that to reply to the specific paragraph charging him with misappropriation of funds, may tend to incriminate him, but this is no reason why the preliminary objections should be sustained in an action for a money judgment for monies allegedly misappropriated by him. In the Heinel Motors case, supra, defendant was likewise charged with wrongfully withholding funds belonging to the city. This was also an offense against the law, yet the Supreme Court dismissed defendant's preliminary objections and compelled it to answer. The only way that this complicated matter can be properly determined is to have an issue drawn. If defendant avers in his answer that he received no funds unlawfully and that he was not withholding any monies belonging to the city, then the burden is on the city to prove that he did. If he avers that an answer insofar as a misappropriation is concerned would incriminate him, he can so state it. The city would then be put to proof upon the rest of the averments of the bill.

We do not think it necessary at this time to discuss

the questions of admissibility of certain evidence which plaintiff in his paperbook indicates it may present at the time of trial. In disposing of the preliminary objections to the bill, we are only concerned as to whether it sets forth a good and sufficient cause of action in equity. This we believe it does.

### Order

And now, to wit, October 14, 1948, the preliminary objections to the bill in equity are not sustained.